**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WEI BING MARC, an individual, PREMIER TEK, INC, a Georgia Corporation, and GP LIGHTS USA, INC. d/b/a IPREMIER TEK, INC., a Georgia Corporation,<br>    Plaintiffs, | ) ) ) ) ) ) | Civil Action No. |
| v. | ) ) | |
| SHENG-YI CHANG, a/k/a "Luke Chang", an individual, and PREMIERTEK.NET, LLC, a California Limited Liability Company,<br>    Defendants. | ) ) ) ) | |

## <u>VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTION WITH DEMAND FOR JURY TRIAL</u>

COME NOW, Plaintiffs Wei Bing Marc (hereinafter "Plaintiff Marc"), PREMIER TEK, INC, a Georgia Corporation (hereinafter "Plaintiff PT"), GP LIGHTS USA, INC. d/b/a IPREMIER TEK, INC., a Georgia Corporation (hereinafter "Plaintiff GP")(hereinafter collectively "Plaintiffs"), by and through their undersigned counsel, and respectfully file this their Verified Complaint for Damages and Injunction with Demand for Jury Trial against Defendants Sheng-Yi Chang a/k/a "Luke Chang" (hereinafter "Defendant Chang") and Premiertek.net, LLC (hereinafter "Defendant Premiertek.net") (hereinafter collectively "Defendants") as follows:

<u>**PARTIES**</u>

1.      Plaintiff Marc is an individual resident and citizen of Gwinnett County, Georgia, and is the CEO of Plaintiff GP and Plaintiff PT.

2.      Plaintiff PT is a Georgia Corporation with its principal place of business in Gwinnett County, Georgia, in the business of selling wholesale retail products online.

3.      Plaintiff GP is a Georgia Corporation with its principal place of business in Gwinnett County, Georgia, in the business of selling wholesale retail products online.

4.      Defendant Chang is an individual resident and citizen of the state of California.  Upon information and belief, Defendant Chang, at all times relevant herein, was, and still is, the owner, member, manager, and officer of Defendant Premiertek.net.

5.      Defendant Premiertek.net is a California Limited Liability Company in the business of selling vehicle light bulbs.  Defendant Premiertek.net's principal place of business is in California.  Although Defendant Premiertek.net is not authorized to conduct business in the state of Georgia by the Secretary of State of Georgia, it does business throughout the United States, including the State of Georgia, for profit.  At all times relevant herein, Defendant Premiertek.net solicited for sale and sold products using the "GP THUNDER" trademark, registered with

the United States Patent and Trademark Office (the "USPTO"), Serial No.

77/288,584 (the "Mark"), in this state and judicial district.  Pursuant to Fed. R. Civ.

P. 4(h)(1)(A) and O.C.G.A. § 14-11-1108(a), service may be perfected on

Defendant Premiertek.net by "registered or certified mail or statutory overnight

delivery, return receipt requested, addressed to the limited liability company at its

principal office."  Defendant Premiertek.net's principal office is listed as 12285

Colony Ave., Chino, CA 91710 with the California Secretary of State.

<u>JURISDICTION AND VENUE</u>

6.      Pursuant to 28 U.S.C. §1332(a)(1), this Court has diversity

jurisdiction over the claims in this complaint because the amount in controversy

exceeds the sum of $75,000.00 and is between citizens of different states.

7.      Additionally, this Court has jurisdiction over this matter pursuant to

28 U.S.C. § 1338(a), 28 U.S.C. §1332(a)(1), and 11 U.S.C. 1121(a) as an action

arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq. (hereinafter

the "Lanham Act").

8.      Venue is proper in this Court pursuant to LR 3.1, N.D. Ga., and 28

U.S.C. §1391 and pursuant to the choice of law clause in Section 12 of the

Settlement Agreement entered into on January 1, 2011 by Defendant Chang and

Plaintiff PT (hereinafter the "Settlement Agreement") which provides that "[t]his

Agreement shall be governed in its enforcement, construction and interpretation by

the laws of the State of Georgia." A copy of the Settlement Agreement is attached hereto as Exhibit "B".

### FACTS APPLICABLE TO COUNTS

9.     On September 25, 2007, Defendant Chang filed an application with the USPTO for registration of the mark "GP THUNDER", Serial No. 77/288,584, showing first use in commerce of April 1, 2003. A copy of the USPTO Cover Sheet for the mark "GP THUNDER", Serial No. 77/288,584, is attached hereto as Exhibit "A".

10.     On December 5, 2007, Plaintiff PT filed an application with the USPTO for registration of the mark "GP THUNDER", Serial No. 77/345,114, showing first use in commerce of March 1, 2003.

11.     On September 4, 2008, Plaintiff PT filed a Notice of Opposition with the USPTO, Opposition No. 91186199, contesting Defendant Chang's ownership of the "GP THUNDER" mark.

12.     On January 1, 2011, Defendant Chang and Plaintiff PT entered into the Settlement Agreement, fully and finally resolving the dispute between the parties as to the ownership and registration of the "GP THUNDER" mark.

13.     Pursuant to Section 5 of the Settlement Agreement, Defendant Chang and Plaintiff PT agreed to the following:

> "CHANG shall assign his application for registration of the GP THUNDER mark to both himself and Wei Bing Marc. The form of

Page 4

assignment is set forth in Exhibit A, which the Parties will execute concurrently with this Agreement.  Following execution, CHANG will record such assignment with the USPTO, and following notice of recordation of such assignment, the Parties will jointly request that Opposition No. 91186199 be dismissed with prejudice.  Following the dismissal of such opposition, PREMIER TEK will file an express abandonment of its application for the GP THUNDER mark, Serial No. 77/345,114."

See the Settlement Agreement attached as Exhibit "B".

14.     Defendant Chang and Plaintiff PT further agreed that Defendant Chang and Plaintiff Marc, the principal and CEO of Plaintiff PT, would execute a joint ownership agreement for the mark "GP THUNDER", Serial No. 77/288,584, originally applied for by Defendant Chang (hereinafter the "Mark").

15.     Pursuant to the Settlement Agreement, on January 1, 2011, Defendant Chang and Plaintiff Marc entered into a joint ownership agreement for the Mark (hereinafter the "Joint Ownership Agreement").  A copy of the Joint Ownership Agreement is attached hereto as Exhibit "C".

16.     Pursuant to Section 4.1 of the Joint Ownership Agreement, "[t]he Parties are equal owners of the Mark."  See the Joint Ownership Agreement attached hereto as Exhibit "C".

17.     Furthermore, pursuant to Section 5 of the Joint Ownership Agreement, "[e]ach Party shall be free to use and exploit the Mark for its own account on a royalty free basis to the other Party."

18.     On August 29, 2011, Defendant Chang filed an Assignment of an Undivided Part of Assignor's Interest in the Mark.  The August 29, 2011 Assignment is attached hereto as Exhibit "D".  This assignment incorrectly listed Plaintiff PT as both assignor and assignee of the Mark.  As a result, the Mark was not assigned from Defendant Chang to Defendant Chang and Plaintiff Marc as stipulated by the Settlement Agreement and Joint Ownership Agreement.

19.     On October 19, 2011, in compliance with the Settlement Agreement, Plaintiff PT filed a Withdrawal of Opposition of the Mark, and the Mark was registered with the USPTO on December 27, 2011.

20.     Plaintiff PT's application with the USPTO for the mark "GP THUNDER", Serial No. 77/345,114, was abandoned on December 12, 2012.

21.     On September 25, 2014, Plaintiff Marc filed a Corrective Assignment, listing Defendant Chang as a conveying party and also incorrectly listing Plaintiff PT as a conveying party, and listing the receiving parties as Defendant Chang and Plaintiff Marc.  The Corrective Assignment is attached hereto as Exhibit "E".  This assignment was also ineffective since Defendant Chang refused to execute an Acknowledgment of the assignment as required by 15 U.S.C. § 1060(a)(3).

22.     Despite the Joint Ownership Agreement and the explicit obligations of Section 5 of the Settlement Agreement, requiring Defendant Chang to "assign his application for registration of the GP THUNDER mark to both himself and Wei

Bing Marc" and to "record such assignment with the USPTO", Defendant Chang has failed and refused to assign the Mark to Plaintiff Marc.

23.     Furthermore, despite the Settlement Agreement and Joint Ownership Agreement, Defendants have falsely represented to third parties, including but not limited to Amazon and eBay, that they solely own the Mark.

24.     Starting in January of 2015, Defendants falsely represented to Amazon that they are the sole owner of the Mark, requesting and causing Amazon to remove Plaintiffs' products listed on Amazon.com. Plaintiffs received notification of Defendants' false representations in emails from Amazon. Copies of Emails from Amazon are attached hereto as Exhibit "F". Several of the items removed are products that Plaintiffs offer for sale that do not use the Mark.

25.     Starting in March of 2015, Defendants falsely represented to eBay that they are the sole owner of the Mark, requesting and causing eBay to remove over 340 of Plaintiffs' products listed on eBay.com. A copy of a List of Plaintiffs' Products removed from eBay is attached hereto as Exhibit "G". Plaintiffs received notification of Defendants' false representations in emails from eBay. Copies of Emails from eBay are attached hereto as Exhibit "H". Several of the items removed are products that Plaintiffs offer for sale that do not use the Mark.

26.     As a result of Defendants' misrepresentations, Plaintiffs' customers and clients have also been forced to remove listings from Amazon.com and

eBay.com.  Plaintiffs' customers and clients also received notification from Amazon.  Copies of Emails from Plaintiffs' client are attached hereto as Exhibit "I".

27.     As a result of Defendants' actions, Defendants have diverted purchasers of Plaintiffs' products to Defendants.

28.     Despite Plaintiffs' repeated demands to Defendants, Defendants refuse to assign the Mark to Plaintiff Marc.

29.     As a result of Defendants actions, Plaintiffs have suffered substantial damages in and irreparable harm to their business reputation, in an amount in excess of $75,000.00.

30.     Furthermore, as a result of Defendants actions, Plaintiff Marc has been unable to enforce her federal trademark rights and has been and continues to suffer irreparable harm.

31.     On April 2, 2015, Plaintiffs, through their attorney, sent a letter to Defendants demanding that they immediately amend the assignment to appropriately reflect the equal ownership of the Mark and to cease and desist their false representations to third parties of Defendants' sole ownership of the Mark and to immediately contact Amazon and eBay retracting and correcting their statements.  A copy of the Letter is attached hereto as Exhibit "J".  Defendants

failed to respond to the letter and have failed to assign the Mark or contact Amazon and eBay correcting their misrepresentations.

32.    Subsequent to receipt of the letter by email dated April 2, 2015 from Plaintiffs, Defendants have stepped up their false claim of sole ownership of the Mark.  Plaintiffs received email notifications from eBay on April 3, 2015 and April 5, 2015 informing Plaintiffs of the removal of numerous product listings as a result of Defendants misrepresentations to eBay.  Copies of the April 3, 2015 and April 5, 2015 Emails from eBay are attached hereto as Exhibit "K".  Several of the items removed are even products that Plaintiffs offer for sale that do not use the Mark.

33.    As a result of Defendants' actions, eBay has restricted Plaintiffs' selling privileges, pursuant to an email from eBay dated April 16, 2015 and Plaintiffs are unable to sell any of their products on eBay, whether or not they use the Mark.  A copy of the April 16, 2015 Email from eBay is attached hereto as Exhibit "L".

34.    As a result of Defendants' actions, Plaintiffs are unable to use their eBay and Amazon accounts which they have used for several years, losing the business benefits of the prior recorded sales, history and feedback on those accounts.

## COUNT ONE
## VIOLATION OF PLAINTIFF MARC'S TRADEMARK RIGHTS PURSUANT TO THE LANHAM ACT, 15 U.S.C. §§ 1051, ET SEQ.

35.     Pursuant to 15 U.S.C. § 1127, "[t]he intent of this Act is to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations."

36.     Furthermore, "[t]he Lanham Act, codified at 15 U.S.C. §§ 1051-1127, protects trademark owners from infringement and unfair competition". *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1344 (11th Cir. 2012).

37.     Pursuant to the Joint Ownership Agreement, Plaintiff Marc is an equal owner of the Mark, and "[e]ach Party shall be free to use and exploit the Mark for its own account on a royalty free basis to the other Party."  See Section 5 of the Joint Ownership Agreement, attached hereto as Exhibit "C".

38.     As a direct and proximate result of Defendants' failure and refusal to assign the Mark to Plaintiff Marc as agreed to in the Settlement Agreement and Joint Ownership Agreement, and Defendants' false representations to Amazon and eBay, Plaintiff has been unable to receive and benefit from the protections provided by the Lanham Act.

39.     As a direct and proximate result of Defendants' actions, Plaintiffs' listings on Amazon and eBay have been removed and Plaintiffs' customers and clients have also been forced to remove listings from Amazon and eBay causing substantial damages and irreparable harm to their business reputation in an amount in excess of $75,000.00.

## COUNT TWO
## BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

40.     Defendant Chang and Plaintiff entered into the Settlement Agreement on January 1, 2011, resolving the dispute between the parties as to the ownership and registration of the "GP THUNDER" mark.

41.     Pursuant to the Settlement Agreement, Defendant Chang agreed to assign the registration for the Mark to himself and Plaintiff Marc and to record such assignment with the USPTO.

42.     Furthermore, pursuant to the Settlement Agreement, Defendant Chang and Plaintiff Marc entered into the Joint Ownership Agreement, providing equal ownership of the Mark by Defendant Chang and Plaintiff Marc and stating that

"[e]ach Party shall be free to use and exploit the Mark for its own account on a royalty free basis to the other Party."  See Section 5 of the Joint Ownership Agreement, attached hereto as Exhibit "C".

43.     Defendant Chang breached the Settlement Agreement and Joint Ownership Agreement by failing and refusing to assign the Mark to Plaintiff Marc and refusing to record such assignment with the USPTO.

44.     Defendant Chang also breached the Settlement Agreement and Joint Ownership Agreement by falsely representing his sole ownership of the Mark to third parties, including but not limited to Amazon and eBay.

45.     As a direct and proximate result of Defendants' actions, Plaintiffs' listings on Amazon and eBay have been removed and Plaintiffs' customers and clients have also been forced to remove listings from Amazon and eBay causing substantial damages and irreparable harm to their business reputation in an amount in excess of $75,000.00.

46.     Time is of the essence for the assignment of the Mark to Plaintiff Marc.

47.     The damages being sought will not fully compensate Plaintiffs for the damages it has and will continue to sustain, caused by Defendants' breach of contract and Defendants' nonperformance.

48.     Specific performance is necessary and appropriate under the circumstances of this case to provide relief to Plaintiffs, if and only if it can be awarded sufficiently before Plaintiffs are forced to go out of business as a result of Defendants' actions.

### COUNT THREE
### FRAUD

49.     Defendants entered into the Settlement Agreement and Joint Ownership Agreement with knowledge that Defendants did not intend to assign the Mark to Plaintiff Marc.

50.     Defendants induced Plaintiffs to enter into the Settlement Agreement and Joint Ownership Agreement by making material misrepresentations to Plaintiffs as to their intent to assign the Mark to Plaintiff Marc.

51.     At the time Defendants made these misrepresentations, Defendants knew said misrepresentations to be false.

52.     Plaintiffs reasonably relied upon Defendants misrepresentations and entered into the Settlement Agreement and Joint Ownership Agreement.

53.     As a direct and proximate result of Defendants' misrepresentations, Plaintiff PT's application with the USPTO for the mark "GP THUNDER", Serial No. 77/345,114, was abandoned on December 12, 2012.

54.     As a direct and proximate result of Defendants' misrepresentations, Defendants have claimed sole ownership of the Mark, forcing Plaintiffs' to remove

product listings on Amazon and eBay causing substantial damages and irreparable harm to their business reputation in an amount in excess of $75,000.00.

## COUNT FOUR
## TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS

55.     Plaintiffs had contractual and business relationships with Amazon and eBay for the listing and sale of Plaintiffs' products.

56.     Plaintiffs also had contractual and business relationships with its clients and customers who were selling Plaintiffs products on Amazon.com and eBay.com.

57.     Defendants had knowledge of these contractual relationships at all times relevant.

58.     Defendants were not a party to Plaintiffs' contractual and business relationships with Amazon or eBay or with Plaintiffs' clients and customers.

59.     Defendants induced Amazon and eBay and Plaintiffs' clients and customers to terminate their contractual and business relationships with Plaintiffs by making false representations as to Defendants' sole ownership of the Mark.

60.     Defendants acted purposely and with malice, with the intent to injure Plaintiffs in their business.

61.     As a direct and proximate result of Defendants' actions, Plaintiffs' listings on Amazon and eBay have been removed and Plaintiffs' customers and clients have also been forced to remove listings from Amazon and eBay causing

substantial damages and irreparable harm to their business reputation in an amount in excess of $75,000.00.

<u>**COUNT FIVE**</u>
<u>**CONVERSION**</u>

62.     After Defendants and Plaintiffs entered into the Settlement Agreement and Joint Ownership Agreement, Plaintiff Marc had a right of possession to the and right to use the Mark.

63.     Despite the Settlement Agreement and Joint Ownership Agreement Defendants have refused and failed to assign the Mark to Plaintiffs.

64.     Plaintiffs have demanded that Defendants assign the mark to Plaintiff Marc, but Defendants have refused to do so.

65.     Furthermore, Defendants have misrepresented their sole ownership of the Mark, causing the removal of Plaintiffs products from Amazon and eBay, and diverting purchasers of Plaintiffs products to Defendants.

66.     Defendants acted without justification when they converted and took sole possession of the Mark, a valuable commodity, without authority, right, or permission, which rightfully belongs to Plaintiff Marc as joint and equal owner.

67.     As a direct and proximate result of Defendants' actions, Plaintiffs' listings on Amazon and eBay have been removed and Plaintiffs' customers and clients have also been forced to remove listings from Amazon and eBay causing

substantial damages and irreparable harm to their business reputation in an amount in excess of $75,000.00.

## COUNT SIX
### ATTORNEY'S FEES

68.     Defendants' violation of Plaintiffs' trademark rights, breach of contract, and tortious interference with Plaintiffs contractual and business relationships constitutes bad faith conduct and stubborn litigiousness which has caused Plaintiff unnecessary trouble and expense.

69.     On April 2, 2015, Plaintiffs, through their attorney, sent a letter to Defendants demanding that they immediately amend the assignment to appropriately reflect the equal ownership of the Mark and to cease and desist their false representations to third parties of Defendants' sole ownership of the Mark and to immediately contact Amazon and eBay retracting and correcting their statements.  A copy of the Letter is attached hereto as Exhibit "J".  Despite Defendants letter, Defendants have failed to assign the Mark or contact Amazon and eBay correcting their misrepresentations.

70.     Subsequent to receipt of the letter dated April 2, 2015 from Plaintiffs, Defendants have continued their misrepresentations as to their sole ownership of the Mark.  Plaintiffs received email notifications from eBay on April 3, 2015 and

April 5, 2015 informing Plaintiffs of the removal of numerous product listings as a result of Defendants misrepresentations to eBay.

71.     Plaintiffs are therefore entitled to recover their expenses of litigation, including reasonable attorney's fees, in an amount to be proven at trial, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiffs pray as follows:

1)     That the Defendants, jointly and severally, their officers, employees, agents, servants, and attorneys, and all those acting in concert with Defendants, preliminarily and permanently:

      a.   Be immediately restrained and enjoined from marketing and selling products using the "GP THUNDER" trademark, Serial No. 77/288,584, either directly or indirectly, during the pendency of this action;

      b.   In the alternative, if Defendants are not restrained and enjoined from using the "GP THUNDER" trademark, Serial No. 77/288,584, that Defendants be compelled to immediately execute, file and record an assignment of the "GP THUNDER" trademark, Serial No. 77/288,584, with the United States Patent and Trademark Office, assigning the Mark to Wei Bing Marc and Sheng-Yi Chang as joint and equal owners;

c.  Be compelled to inform Amazon and eBay, and any other third party they made false representations to as to sole ownership, in writing of the joint and equal ownership of the "GP THUNDER" trademark, Serial No. 77/288,584, by Wei Bing Marc and Sheng-Yi Chang;

d.  Be restrained and enjoined during the pendency of this action, and permanently thereafter from making false representations to any third party, including but not limited to Amazon and eBay, as to the sole ownership of the "GP THUNDER" trademark, Serial No. 77/288,584.

2)  That Plaintiffs be awarded damages against Defendants in an amount to exceed $75,000.00 for Plaintiffs claims set forth in this Complaint;

3)  That Plaintiffs be awarded their costs and attorney's fees pursuant to O.C.G.A. § 13-6-11 for Defendants bad faith conduct and stubborn litigiousness;

4)  For such other relief as the Court may deem proper; and

5)    Trial by a jury is hereby demanded as to all issues so triable.

This 22nd day of April, 2015.

<div style="margin-left:40%">

Respectfully submitted,


_____/s/_____
Christopher J. York, Esq.
Georgia Bar No. 781013
Daniel H. Park, Esq.
Georgia Bar No. 930188
*Attorneys for Plaintiffs*

</div>

McGAHREN, GASKILL & YORK, LLC
6171 Crooked Creek Road
Norcross, Georgia 30092
(770)729-1779

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WEI BING MARC, an individual, PREMIER TEK, INC, a Georgia Corporation, and GP LIGHTS USA, INC. d/b/a IPREMIER TEK, INC., a Georgia Corporation, Plaintiffs, | ) ) ) ) ) | |
| | ) | Civil Action No. |
| v. | ) ) | |
| SHENG-YI CHANG, a/k/a "Luke Chang", an individual, and PREMIERTEK.NET, LLC, a California Limited Liability Company, Defendants. | ) ) ) ) | |

## VERIFICATION

COMES NOW, Wei Bing Marc, individually and as CEO of GP LIGHTS

USA, INC., a Georgia Corporation, and PREMIER TEK, Inc., a Georgia

Corporation, who after being duly sworn under oath, hereby states and deposes

under penalty of perjury and in accordance with 28 U.S.C. 1746, that the facts

contained in the foregoing *"Verified Complaint for Damages and Injunction with*

*Jury Demand"*, are true and correct to the best of her knowledge and belief.

This 22nd day of April, 2015.

_Weibing Marc_
GP LIGHTS USA, INC.
By: Wei Bing Marc, CEO

_Wei bing Marc_
PREMIER TEK, INC.
By: Wei Bing Marc, CEO

_Wei bing Marc_
Wei Bing Marc, Individually

Sworn to and subscribed before me
This 22nd day of April, 2015.

_J. Morillo_
Notary Public
My commission expires 10/30/1

S. MORILLO
NOTARY
GEORGIA
EXPIRES
OCT. 30, 2018
GWINNETT COUNTY
PUBLIC

## LIST OF EXHIBITS

Exhibit "A": USPTO Cover Sheet, Mark "GP THUNDER", Serial No. 77/288,584;
Exhibit "B": Settlement Agreement;
Exhibit "C": Joint Ownership Agreement;
Exhibit "D": The August 29, 2011 Assignment;
Exhibit "E":  The Corrective Assignment;
Exhibit "F":  Copies of Emails from Amazon;
Exhibit "G": A copy of a List of Plaintiffs' Products removed from eBay;
Exhibit "H": Copies of Emails from eBay;
Exhibit "I": Copies of Emails from Plaintiffs' client;
Exhibit "J":  The cease and desist letter from Counsel;
Exhibit "K": Copies of the April 3, 2015 and April 5, 2015 Emails from eBay;
Exhibit "L":  A copy of the April 16, 2015 Email from eBay.